IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GLADIS EUGENIA ALVAREZ DE LEON   *
DE XEC,
                                 *
      Petitioner,
                                 *
v.                                            Civ. No. DLB-26-277
                                 *
WARDEN, BALTIMORE ICE
DETENTION, *et al.*,             *

      Respondents.              *

**ORDER**

Gladis Eugenia Alvarez De Leon de Xec, a citizen of Guatemala, entered the U.S. without inspection in March 2024. ECF 1, ¶ 3. She was apprehended at the time of her entry but was paroled into the country by Immigration and Customs Enforcement (ICE). *Id.* She has applied for asylum and states that she has no criminal history. *Id.* ¶¶ 3, 30. Before her arrest, Alvarez resided in Maryland with her sister, nephew, and three children, all of whom are U.S. citizens. *Id.* ¶ 4.

On January 22, 2026, Alvarez was arrested by ICE in Silver Spring. *Id.* ¶ 2. She filed this petition for a writ of habeas corpus while detained in Baltimore.

Alvarez argues that her detention violates her due process rights. She further argues that she is subject to detention under 8 U.S.C. § 1226(a), which permits those detained under its authority to receive bond hearings before an immigration judge, and that she is not subject to mandatory detention. *Id.* ¶ 41. Alvarez seeks, among other things, an order requiring the respondents to release her unless they provide her a bond hearing within seven days. *Id.* ¶ d (prayer for relief).

Upon consideration of the petition for a writ of habeas corpus, ECF 1, the notice filed jointly by the parties, ECF 6, and prior decisions by this Court and by judges in this district with

which this Court agrees, *see, e.g.*, *Lopez v. Noem*, No. GLR-25-3662, 2025 WL 3496195 (D. Md. Dec. 5, 2025); *Bautista Villanueva v. Bondi*, No. ABA-25-4152, 2026 WL 100595 (D. Md. Jan. 14, 2026); and *Villanueva Funes v. Noem*, No. TDC-25-3860, 2026 WL 92860 (D. Md. Jan. 13, 2026), the Court finds that further briefing and a hearing are not necessary.

The Court finds that Alvarez is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225(b). Alvarez may request and is entitled to a bond hearing before an immigration judge consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d), at which the immigration judge shall decide the merits of Alvarez's request for release from custody. The Court understands that an immigration judge may conclude that the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220 (BIA 2025)— in which the BIA held that immigration judges lack authority to consider bond requests filed by noncitizens who entered the United States without inspection—applies to Alvarez. To the extent an immigration judge so concludes, however, the Court disagrees with the holding in *Yajure Hurtado* and agrees with the vast majority of federal district courts that have held *Yajure Hurtado* was wrongly decided. *See, e.g.*, *Hernandez-Lugo v. Bondi*, No. GLR-25-3434, 2025 WL 3280772, at *6 (D. Md. Nov. 25, 2025); *Afghan v. Noem*, No. SAG-25-4105, 2025 WL 3713732, at *2 (D. Md. Dec. 23, 2025); *Maldonado v. Baker*, No. TDC-25-3084, 2025 WL 2968042, at *4 (D. Md. Oct. 21, 2025); *H.G.V.U. v. Smith*, No. 25-cv-10931, 2025 WL 2962610, at *5 (N.D. Ill. Oct. 20, 2025); *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *7 (W.D. Ky. Nov. 4, 2025); *Lopez Vasquez v. Noem*, No. 5:25-cv-3087-FWS-SP, 2025 WL 4056018, at *5 (C.D. Cal. Nov. 19, 2025). If the immigration court concludes that it lacks jurisdiction to consider the merits of Alvarez's bond request on the basis of *Yajure Hurtado*, Alvarez will not receive the process to which this Order entitles her.

Therefore, it is this 26th day of January, 2026, in the United States District Court for the District of Maryland, hereby ORDERED that:

1. Alvarez's petition for a writ of habeas corpus IS GRANTED in part;

2. Alvarez SHALL FILE a motion seeking a bond hearing consistent with this Order, and the bond hearing SHALL BE HELD within 10 days of the filing of Alvarez's motion;

3. The bond hearing MAY BE conducted by any immigration court with jurisdiction or administrative control over Alvarez's detention and need not be conducted in Maryland;

4. The bond hearing MUST COMPLY in all respects with the regulations at 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d) and any attendant process available pursuant to those provisions;

5. The parties SHALL FILE a status report as soon as possible following the bond hearing before the immigration judge, but in any event no later than within seven days of the bond hearing;

6. If Alvarez is not provided a bond hearing, at which the merits of her request for release are reached, within 10 days of the filing of her motion, the respondents SHALL RELEASE Alvarez from detention, and such release SHALL BE subject to the same conditions that applied before Alvarez's January 22, 2026 arrest; and

7. The Court SHALL RETAIN jurisdiction over this matter to enforce compliance with this Order.

_____
Deborah L. Boardman
United States District Judge

3